# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RAY McKINNEY,<br><br>Plaintiff,<br><br>v.<br><br>TY FORD, District Attorney, et al,<br><br>Defendants. | Case No. 1:13-CV-01879-LJO-SMS<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(Doc. 1) |

**SCREENING ORDER**

On November 20, 2013, Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis*, filed a complaint, using a form for preparation of civil rights complaints pursuant to 42 U.S.C. § 1983. This Court's review of Plaintiff's complaint leaves it uncertain whether Plaintiff's claims are properly categorized as a civil rights action under 42 U.S.C. § 1983 or whether Plaintiff intended to bring a petition for writ of habeas corpus. Plaintiff's claims are so vague and conclusory that this Court cannot determine whether Plaintiff seeks relief from the conditions of his confinement, whether at Atascadero State Hospital or elsewhere, or whether Plaintiff seeks release from prison, or both.

///

## I.     Section 1983 Complaint of Habeas Corpus Petition?

Challenges to the conditions of prison life are properly brought under 42 U.S.C. § 1983. *McCarthy v. Bronson*, 500 U.S. 136, 142 (1991). A federal petition for writ of habeas corpus concerns whether a petitioner is in custody in violation of the Constitution. 28 U.S.C. § 2254(a). "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Preiser v. Rodriguez*, 411 U.S. 475, 488-89 (1973). A plaintiff may not seek both types of relief in a single action. *See Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994); *Preiser*, 411 U.S. at 498-99 n. 15; *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied sub nom Bressman v. Farrier*, 498 U.S. 1126 (1991); *Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases*.

## II.     Defendants

Plaintiff names as defendants Kings County District Attorneys Ty Ford, Gregory Strickland, and Cynthia Spears; Hon. Thomas DeSantos, a Kings County Superior Court judge; public defenders Brian Gupton and James Oliver; Howard Terrel and Lewis Velaso, "psych evaluator[s]" for Kings County Superior Court; Thomas Cahill, Director, Atascadero State Hospital; and Atascadero State Hospital physicians and psychiatrists Cindy Elliot, James Yezuida, Dr. Cohen, M.D., and Dr. Yacuash, M.D. Plaintiff does not link any defendant with specific actions or complaints against that defendant. Section 1983 plainly requires an actual connection or link between each defendant's actions and the harm allegedly done to the plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do

///

that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

To state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's civil rights. Plaintiff can establish each defendant's "requisite causal connection" either by detailing that defendant's direct, personal participation in an act or omission, or by demonstrating that the defendant knowingly set in motion a series of acts by others that defendant knew or reasonably should have known would cause others to inflict constitutional injury on Plaintiff. A defendant cannot be liable under § 1983 unless an affirmative link or connection exists between that defendant's actions and the claimed injury to Plaintiff. *May v. Enomoto*, 633 F.2d 164, 167 n. 3 (9th Cir. 1980); *Johnson*, 588 F.2d at 743.

Plaintiff names as defendants Kings County Superior Court Judge Thomas DeSantos and several other employees of the Kings County Superior Court. "Courts have extended absolute judicial immunity from damage actions under § 1983 not only to judges but also to officers whose functions bear a close association with the judicial process." *Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1985). "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Judicial immunity includes "court-appointed psychiatrists who prepared and submitted medical reports to state court." *Burkes v. Callion*, 433 F.2d 318, 319 (9th Cir. 1970), *cert. denied*, 403 U.S. 908 (1971). Accordingly, Plaintiff cannot name Judge DeSantos, any court-appointed psychiatrists, or other court officers as defendants.

Similarly, prosecutorial immunity protects eligible governmental officials when they are acting pursuant to their official role as advocates for the state performing functions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). *See also Van de Camp v. Goldstein*, 555 U.S. 335, 340-41 (2009) (giving examples where

3

prosecutors are entitled to absolute immunity).  Notably, in light of the allegations of the complaint here, prosecutors retain their immunity even when making statements alleged to be misrepresentations and mischaracterizations during hearings, during discovery, or in court papers. *Fry v. Melaragno*, 939 F.2d 832, 837-38 (9th Cir. 1991).  Unless Plaintiff contends that the district attorneys named as defendants acted outside of their roles as district attorneys, he cannot name them as defendants.

On the other hand, defense counsel, even if court-appointed and compensated, are not entitled to absolute immunity.  *See Tower v. Glover*, 467 U.S. 914, 923 (1984); *Sellars v. Procunier*, 641 F.2d 1295, 199 n. 7 (9th Cir.), *cert. denied*, 454 U.S. 1102 (1981).

### III. Eighth Amendment Claims: Deliberate Indifference to Serious Medical Need

The complaint indicates that Plaintiff has incurred some sort of visual damage, although it does not articulate the nature of the injury or identify the allegedly responsible defendant(s).  The Court's review indicates that Plaintiff may have intended to allege a claim of deliberate indifference to serious medical need.

"Deliberate indifference is a high legal standard."  *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of harm exists,' but that person 'must also draw the inference.'"  *Id.* at 1057, *quoting Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measurte of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi*, 391 F.3d at 1057, *quoting Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (*citation omitted*).  A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety."  *Farmer*, 511 U.S. at 834.

Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997).

The complaint alleges "malpractice with gross negligence." Doc. 1 at 3. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Even gross negligence is insufficient to establish extreme indifference to serious medical needs. *See Toguchi*, 391 F.3d at 1060.

## IV.    Conclusion and Order

By this order, the Court dismisses Plaintiff's complaint with leave to amend. If Plaintiff wishes to pursue claims for relief under § 1983 based on conditions of confinement that violate his constitutional rights, Plaintiff may file an amended complaint. If Plaintiff wishes to challenge the fact or duration of his confinement, Plaintiff may not do so in this action, but must file a petition for writ of habeas corpus. Whichever alternative Plaintiff deems appropriate, he must ensure that his pleadings set forth simply and clearly his claims and the factual basis of those claims, including a recital of facts regarding each defendant's acts or omissions that tie that defendant to that claim.

Accordingly, the Court hereby ORDERS:

1. Plaintiff's complaint is dismissed with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form and a form of petition for writ of habeas corpus;

///

3. If Plaintiff wishes to pursue this civil rights action, Plaintiff must file an amended complaint within thirty (30) days from the date of service of this order;

4. If Plaintiff does not wish to pursue this civil rights action, Plaintiff must file a notice of voluntary dismissal within thirty (30) days from the date of service of this order;

5. If Plaintiff wishes to pursue a writ of habeas corpus, Plaintiff may submit a petition for writ of habeas corpus within thirty days from the date of service of this order;

6. If Plaintiff neither (a) files a notice of voluntary dismissal nor (b) files an amended complaint nor (c) files a petition for writ of habeas corpus within thirty (30) days from the date of this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **December 18, 2013**    **/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE